COMMONWEALTH v. W. H. WAMMOCK.

[Abstract Kentucky Law Reporter, Vol. 3—250.]

**Criminal Law—Failure to Vacate Seat by a Judge.**

> Under the statute of April 22, 1880, making it a punishable offense for the county judges of Carter and Elliott counties to fail or refuse to vacate the bench when a litigant objects to his sitting in a cause and files his affidavit in support of his objection, this court will not reverse a judgment sustaining a demurrer to the indictment in the absence of a showing that the affidavit contains sufficient reasons for the vacation of such seat, as is required in the law requiring circuit judges to vacate their seats and punishing them for refusing to do so.

APPEAL FROM CARTER CIRCUIT COURT.

September 17, 1881.

OPINION BY JUDGE LEWIS:

The offense charged in the indictment against the appellee is for "unlawfully failing and refusing to vacate his seat upon the bench as judge of Carter county, after sworn objection by written affidavit made and filed to his presiding as judge aforesaid."

The facts alleged are that, pending an application before him as county judge for tavern license, with the privilege of selling spirituous liquors, "One, John Gallagher, who made the application, having made and filed an affidavit in said court and before said Wammock as judge, setting out in said affidavit his

objection to said Wammock presiding and hearing said motion as county judge of Carter county, he, the said Wammock, did unlawfully fail and refuse to vacate his seat upon the bench as county judge aforesaid."

Appellee was indicted under an act of the general assembly entitled "An act providing for special judges of county courts in certain cases in the counties of Carter and Elliott." 2 Sess. Acts (1879), Ch. 1048, approved April 22, 1880. By that act it is provided that whenever there shall be an objection made, upon written affidavit filed, to the county judge of Carter and Elliott counties presiding or hearing any motion or other proceeding, it shall be the duty of the county judge to vacate his seat upon the bench. For his failure or refusal to do so he shall "be subject to the same penalties as are prescribed by law against circuit judges who fail to give way to special judges."

In so important a matter as requiring a county judge, entrusted with responsible, discretionary duties and acting within the jurisdiction and authority given him, to vacate his seat upon the bench and give place to a justice of the peace summoned by the clerk, the reason and spirit of the law requires something more than the mere objection of a party, without any grounds therefor.

As the legislature has, by the special statute under which appellant was indicted, imposed the same penalties for the refusal of county judges of Carter and Elliott counties to vacate their seats that are prescribed by law against circuit judges who fail to give way to special judges, it is proper to assume that it was intended that the same reasons for the vacation of his seat by the regular judge should exist and be presented in the one case as in the other.

It is impossible to determine from the indictment whether appellee, in refusing to vacate his seat upon the bench, acted within or without proper judicial discretion, legally or illegally, conscientiously or corruptly. There are other objections made to the indictment, but as it is fatally defective for the reasons given it is unnecessary to decide them.

The judgment of the court below sustaining the demurrer is *affirmed*.

*P. W. Hardin,* for appellant.

*W. C. Ireland,* for appellee.